808 P.2d 1260

**Ida UHRHAMMER, individually and as surviving spouse of Clarence Uhrhammer, deceased, Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., Defendant/Appellee.**

**No. 2 CA-CV 90-0238.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 21, 1991.

Review Denied May 7, 1991.

Haralson, Kinerk & Morey, P.C. by Carter Morey, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellee.

OPINION

HATHAWAY, Judge.

This appeal is taken from a judgment in favor of defendant after a bench trial in a case involving underinsurance motorist coverage (UIM).

Appellant, Ida Uhrhammer, and her husband, Clarence, (now deceased), were involved in an accident when their motor vehicle collided with a horse which had wandered onto the roadway. The horse was killed and the Uhrhammers seriously injured; Clarence eventually died from his injuries. The owner of the horse had a homeowner's insurance policy providing coverage up to $100,000 which was paid to the Uhrhammers. The Uhrhammers were insured by appellee under an automobile insurance policy which provided UIM coverage with limits of $100,000 per person and $300,000 per accident.

Appellant made a claim under the UIM provision of her policy for the difference between her total damages and the $100,-000 received from the homeowner's policy. The claim was rejected and this action followed.

The sole issue to be decided is whether A.R.S. § 20-259.01(C) and (E) contemplate UIM coverage when an insured, while driv-

ing his own vehicle, is involved in an accident with a horse rather than another automobile. We do not believe it does and affirm.

A.R.S. § 20–259.01(C) requires insurers issuing automobile liability policies in this state to make available to its insureds and include in the policy, if requested, underinsurance motorist coverage. With regard to such coverage, A.R.S. § 20–259.01(E) provides as follows:

"Underinsurance motorist coverage" includes coverage for a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. To the extent that the total damages exceed the total applicable liability limits, the underinsurance motorist coverage provided in subsection C of this section is applicable to the difference.

Uhrhammer argues that because the statute refers to "liability insurance policies" as opposed to motor vehicle liability insurance policies, the scope of the provision is not limited to accidents involving motor vehicles. We disagree.

A reason for the legislature's broad reference to liability policies may be to ensure that a motorist not be considered underinsured unless and until all liability policies covering the individual, whether automobile liability policies or homeowner's policies, are exhausted. The legislature apparently saw no reason, nor do we, to require an insured to exhaust only all available motor vehicle policies before making a claim for UIM benefits. The language does not reflect a legislative intent to broaden the scope of such coverage as urged by Uhrhammer.

The statute which refers to "underinsured motorist" is designed to protect insureds from the risk of an automobile accident involving another *motorist* whose liability policy or policies do not sufficiently cover the insureds' damages, not a horse whose owner is without sufficient liability coverage. In order for UIM coverage to apply, an underinsured motorist must be involved.

As the court noted in *State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 260, 782 P.2d 727, 736 (1989):

Insurers must comply with statutes governing automobile insurance in providing UM [uninsured motorist] and UIM coverage. We conclude that the legislative objective in compelling such protection is to compensate victims for bodily injury caused by negligent, financially irresponsible or underinsured motorists.

Appellee has requested attorney's fees on appeal. In our discretion, we deny the request.

Affirmed.

LIVERMORE and LACAGNINA, JJ., concur.